ELIGH *v.* GOLDIE.

1. MASTER AND SERVANT—PERSONAL INJURY—DEFECTIVE APPLI-
ANCE—PROMISE TO REPAIR—ASSUMPTION OF RISK.

Where a servant continues in his employment, and uses a de-
fective appliance for a reasonable time, upon repeated prom-
ises that it shall be repaired. and is injured, the question
whether he assumed the risk is for the jury.[1]

2. SAME.

By joining the ends of a belt with rivets, as required by the fore-
man, because of the absence of lacing, for which the servant
expressed a preference, and continuing the use of the belt, the
servant assumed the risk of injury from the belt so joined,
there being no claim that any misrepresentation was made to
him.

Error to Bay; Shepard, J. Submitted December 7,
1905. (Docket No. 163.) Decided April 30, 1906.

Case by Edgar Eligh against William Goldie for per-
sonal injuries. There was judgment for defendant on a
verdict directed by the court, and plaintiff brings error.
Reversed.

*James Donnelly*, for appellant.

*Cooley & Hewitt*, for appellee.

MOORE, J. Plaintiff is about 50 years of age, and had
worked in and about a hoop mill for several years, when
he entered the employment of the defendant on or about
April 1, 1902. He had done some work toward putting a
machine in order which was to be used for the purpose of
sawing from slabs bolts which were afterwards sawed into
hoops. These slabs were pushed over a table through

---

[1] As to effect of employé's continuing work on master's promise to
remove a specific cause of danger, see note to *Illinois Steel Co.* v.
*Mann* (Ill.), 40 L. R. A. 781.

which came the circular saw which sawed the slabs into
bolts.   He commenced using this machine April 1st.   On
the 24th of April a bolt or a piece of the slab was caught
upon the saw and thrown forward with great force, strik-
ing the plaintiff and injuring him.   In January, 1903,
while in the act of oiling a planing machine on which he
was employed, a new belt came apart and struck his hand
in such a way as to injure it severely.   It is for the two
injuries thus received that this action is brought.   The
circuit judge directed a verdict in favor of defendant.
The plaintiff brings the case here by writ of error.

It is the claim of plaintiff that, because there was no guard
back of the saw, such as is usually put there to make it
safe to operate such a machine, the accident occurred.
He admits that when he went to work he knew the guard
was not there, but testified that defendant's foreman, be-
fore the machine was started, asked him to start the ma-
chine and make some hoops, so Mr. Goldie could see the
kind of work the machine would do before he went away.
And the foreman at the same time said: "Ed., there is no
guard behind that saw.   You go on and make some hoops
for Mr. Goldie, and as soon as you try it I will put a
guard on."   That plaintiff started, and continued to work
on the machine, and the foreman did not put a guard
on.   That plaintiff asked for a guard to be put on, three
different times, between the time when he began to work,
about the 1st of April, and the 24th of April, when he
was hurt.   The first time, after beginning work, the
plaintiff asked that a guard be put on, the foreman said
to the plaintiff:   "You never mind.  I will attend to that."
The next time the plaintiff asked for a guard he was
going to quit, and the foreman promised faithfully to put
the guard on.   The last time plaintiff asked for a guard,
a hoop came over and struck the back of his hand, and
plaintiff then went to the foreman and said to him, "You
are not doing as you agreed.   *   *   *"   "Now," he says,
"never mind, Ed.; there are so many breakdowns.   I
will get it done just as soon as I can, and put it on there.

You go and attend to your work, and I will fix that up."
Plaintiff was injured four or five days after this last
promise to remedy the defect. Plaintiff says he relied.
upon these promises, and because of them continued to
work.

Counsel for defendant say the case is within *Hayball*
v. *Railway Co.*, 114 Mich. 135, and the verdict for de-
fendant should stand. There is language used in the
opinion which tends to support this claim. It was not,
however, necessary to use it in disposing of the case. A
comparison of the facts in that case with the facts in the
case at bar will show a very great difference in them.
The rule of law which should control as to this feature of
the case is well stated in *Mann* v. *Railway Co.*, 124
Mich. 641, and, if there is any conflict in the statement of
the rule between the last-named case and *Hayball* v.
*Railway Co.*, the case of *Mann* v. *Railway Co.* should
control. We think the testimony offered on the part of
the plaintiff brings this case within *Mann* v. *Railway
Co.*, and cases cited therein. See, also, *Illinois Steel
Co.* v. *Mann*, 40 L. R. A. 781 (170 Ill. 200), and the
many cases cited in the notes to said case.

As to the injury received because the belt parted, the
testimony disclosed that the ends of a new belt needed to be
fastened together before it could be used to run the planer.
The plaintiff undertook to do this work, and intended to
fasten the belt by lacing it; but, when he went to the
room where the leather from which the laces were cut was
usually kept, he found it had all been used. He then
went to the foreman and asked for lacing, telling him he
did not want to use the rivets. The foreman told him
they were out of the lacing material and to use the rivets.
This is substantially all that occurred between him and
the foreman. He says he did not desire to use the rivets,
because he preferred to put in the lace leather. No other
representations were made to him by the foreman. There
is nothing in his testimony that indicates a lack of knowl-
edge with reference to the manner in which the belt was

fastened, nor that any representations were made to him to lead him to suppose that the belt would be fastened in any other way than it was. As to this feature of the case he must be deemed to have assumed the risk.

For the reasons stated, the judgment is reversed, and a new trial ordered.

CARPENTER, C. J., and McALVAY, BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.