KROHN *v.* JOSEPH N. SMITH & CO.

1. MASTER AND SERVANT — DEFECTIVE APPLIANCES — CARE REQUIRED.

 It cannot be said as a matter of law that an employer who continues in use a belt, so loose that it is likely to leave the pulley at any time, running in a position where on leaving the pulley it is likely to do injury to an employé, is guilty of no negligence.

2. SAME—ASSUMPTION OF RISK—PROMISE TO REPAIR.

 Where an employé made a second complaint within a few hours regarding the loose condition of the belt of the machine on which he was working, and was promised both times that the belt would be repaired, and he was injured within an hour after the second promise, it cannot be said as a matter of law that he continued work an unreasonable time after the promise, thereby assuming the risk.

3. SAME—CONTRIBUTORY NEGLIGENCE.

 The employé was not so reckless in continuing to work at the machine as to constitute contributory negligence as a matter of law.

Error to Wayne; Donovan, J. Submitted January 22, 1908. (Docket No. 121.) Decided February 15, 1908.

Case by Herman Krohn against Joseph N. Smith & Company for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*Samuel E. Jones,* for appellant.

*Bowen, Douglas, Whiting & Murfin,* for appellee.

MONTGOMERY, J. This action was brought to recover for personal injuries sustained by plaintiff while in defendant's employ. The plaintiff was employed as a polisher and buffer, and on the 6th of July, 1905, was engaged in buffing certain metal goods, and in this employment was operating a buffing machine, the power to operate which was conveyed by a leather belt. On the day in question the belt became loose, flabby, and out of order, and the plaintiff, about 10 o'clock, notified the defendant's superintendent, who had charge of the manufacturing for defendant corporation, that the machine and its belt connection were out of order, on account of the loose, flabby, and dangerous condition of the belt. The superintendent of defendant corporation agreed to repair the belt during the noon hour, but failed to do it. At about 2 o'clock the plaintiff again told the superintendent that it was impossible to work, or unsafe to work, in the condition the belt was in. The superintendent told plaintiff that he would repair the belt in a little while, and ordered the plaintiff back to work. With this assurance, and under this order, the plaintiff started again to work, and about 3 o'clock the belt caught his right hand, destroying the third finger and crushing the second and fourth fingers.

The circuit judge directed a verdict for the defendant, evidently on two grounds: *First*, that the employer is not bound to make his machinery or premises perfectly safe, or to have the most approved appliances, the pre-

sumption being that the circuit judge was of the opinion that it was not negligence to run machinery with a loose and flabby belt. The second ground appears to have been that the plaintiff assumed the risk.

We think it cannot be said as a matter of law that an employer who continues in use a belt so loose that it is likely to leave the pulley at any time, running in a position where, on leaving the pulley, it is likely to do injury to an employé, is guilty of no negligence. This would at least be a question for the jury.

As to the second question, that the plaintiff assumed the risk, this would be a sufficient answer to plaintiff's claim except for the fact that under the statement of the plaintiff's counsel,—and the case was determined on such statement,—the plaintiff continued in the employment upon the assurance of the superintendent that he would repair the defect and upon his orders for plaintiff to continue until that was done.

It is claimed on behalf of the defendant that the plaintiff worked at this machine such an unreasonable time after discovering this defect and after the promise of the superintendent to repair it, that he was no longer excused and should be held to have assumed the risk. We think it very clear that this could not be said as a matter of law. Only one hour before the injury occurred, according to the opening statement of counsel, the plaintiff was assured that the belt would be fixed as soon as the superintendent could do it, and he was directed to continue at work.

It was held in *Mann* v. *Railway Co.*, 124 Mich. 641, that it was not unreasonable for an employé to continue in the use of defective machinery, under the promise of repair, for such time as there might be reasonable expectation that the promise for repair would be kept. See, also, *Eligh* v. *Goldie*, 143 Mich. 596. In this case but one hour elapsed after the last promise, and but three hours of actual work after the first request for repairs.

The further contention is made that the plaintiff, in

view of his knowledge, was reckless. The precise circumstances under which this accident occurred are not made very clear by the statement. It is stated that the injury occurred without fault on the part of the plaintiff, and as the circuit judge withdrew the case from the jury upon the grounds herein stated, it will not do to say that the charge of recklessness by defendant can be predicated upon any other fact than the continuance by plaintiff in employment with the knowledge of the conditions which existed. We think it cannot be said as a matter of law that the plaintiff was reckless in continuing in this employment within the cases cited above.

The judgment of the circuit court will be reversed, and a new trial ordered.

GRANT, C. J., and OSTRANDER, HOOKER, and CARPENTER, JJ., concurred.