## GODA v. MAURER.

1. APPEAL AND ERROR—DIRECTING VERDICT—QUESTION OF FACT.
   In cases where a verdict has been instructed, the case made by
   the party ruled against must be taken as true in determining,
   on error, whether there was anything to be submitted to the
   jury; and the strength or weakness of the evidence presented
   by the opposite party need not be considered.

2. MASTER AND SERVANT — ASSUMED RISK — SCAFFOLDS — NEGLI-
   GENCE.
   A common laborer employed to wheel brick, does not assume
   the risk of negligence in constructing a scaffold built accord-
   ing to the employer's direction, by a method which was in-
   sufficiently strong, although the employé himself aided in
   the work and observed the method, but had no knowledge of
   how scaffolding should be constructed.

Error to Monroe; O'Mealey, J. Submitted June 14,
1910. (Docket No. 52.) Decided September 27, 1910.

Case by John Goda against John Maurer and Charles
Maurer, copartners as Maurer Bros., for personal injuries.
A judgment for defendants on a verdict directed by the
court is reviewed by plaintiff on writ of error. Reversed.

*Willis Baldwin* and *Ira G. Humphrey,* for appellant.

*E. R. Gilday* and *Thornton Dixon,* for appellees.

McALVAY, J. This was an action for damages for per-
sonal injuries received by plaintiff, as he claims, by reason
of the negligence of defendants. Defendants were co-
partners, engaged in business as contractors and builders,
and, at the time plaintiff was injured, were engaged in the
construction of a brick building in the city of Monroe.
Plaintiff, a common laborer, had worked for defendants
prior to his injury for over two months, while they were
engaged upon other contracts. On this building his
work, that of a common laborer, was wheeling brick.

While so employed on the day in question, he was ordered by one of the defendants to assist in building a scaffold in said building, under the direction and in the manner ordered by said defendant, and afterwards was ordered by said defendant to go upon said scaffold, to work in placing brick which were tossed up to him, and while so employed about 30 feet in length of the scaffold gave way, as he claims, because of insufficient nailing, and plaintiff was precipitated about 12 feet to the floor, with the brick upon him, and was severely and probably permanently injured.

After hearing all of the evidence of the parties, the court instructed a verdict in favor of defendants, on the ground that plaintiff had assumed the risk. Judgment was accordingly entered, and plaintiff, upon writ of error, asks for a reversal, upon the ground, principally, that the court erred in instructing a verdict for defendants.

As has been very frequently stated by this court in cases where a verdict has been instructed, the case made by the party ruled against must be taken as true in determining whether there was anything to be submitted to the jury. The strength or weakness of the evidence presented by the opposite party need not be considered.

The evidence of the plaintiff and his witnesses tends to show that he was a common laborer, employed up to the day of the accident in wheeling brick or other common labor; that on this day he was ordered to assist this defendant in building this scaffold, under his direction and orders and in his presence; that he was ordered by him not to use more than three nails in nailing the support of the scaffold called the "ledger board," and not to drive them clear up, but to leave sufficient to get the hammer claw under the heads of the nails, so that they could be easily drawn without splitting the boards; that plaintiff followed such instructions; that this was the first scaffold he had ever built, and he had no knowledge of how scaffolding should be built to be sufficiently strong, and did this work and went upon the scaffold relying upon the judgment and obeying the

orders of defendants, without any knowledge of its weakness; that this defendant assured plaintiff the scaffold was strong enough to hold an elephant, and he thought that was enough; that a scaffold so nailed, to be used for the purpose this one was used, was not sufficiently nailed, and not safe; and that it fell because this nailing pulled apart and let it down. This brief outline of plaintiff's case is sufficient to show that there was a case proper to be submitted to the jury. This should have been done by the court under proper instructions. It was error for the court to instruct a verdict for defendants.

The judgment is reversed, and a new trial ordered.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.