PRISEL *v.* CONEY.

1. APPEAL AND ERROR—MASTER AND SERVANT — DIRECTING VERDICT—MINOR EMPLOYÉ.

In considering, on error, a case for personal injuries of an employé against whom a verdict was directed by the trial court, defendant's evidence does not require consideration: the question is whether plaintiff's evidence, given its strongest probative force, was sufficient to support a verdict.

2. MASTER AND SERVANT—NEGLIGENCE — DEFECTIVE MACHINERY—INFANTS.

And though plaintiff was young and inexperienced, and was unable to explain the nature and method of operation of the stamp press on which he was employed, his unsupported or contradicted testimony that a certain spring was loose, that the press repeated at different times when he did not trip the mechanism, that he advised his employer of the defect, and received from him a promise to repair the defect, and was injured while working in reliance on his master's promise before the press was repaired, presented a case for the jury.[1]

Error to Wayne; Donovan, J. Submitted November 24, 1911. (Docket No. 180.) Decided March 12, 1912.

Case by John Prisel, by next friend, against James D. Coney for personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Samuel E. Jones,* for appellant.

*George F. & Peter J. Monaghan,* for appellee.

McALVAY, J. Plaintiff sued defendant to recover damages claimed to have been caused to him while operating a certain machine as an employé in defendant's factory in

---

[1] As to rights of servant continuing work on master's promise to remove a specific cause of danger, see notes in 40 L. R. A. 782; 27 L. R. A. (N. S.) 1052; 29 L. R. A. (N. S.) 597.

Detroit. After hearing all of the proofs in the case, a verdict was instructed by the court in favor of defendant. Plaintiff reviews the judgment upon writ of error. The only error assigned relates to the instruction directing a verdict.

Defendant was a manufacturer of wire specialties. On September 27, 1906, plaintiff, then about 16 years of age, entered into the employment of defendant, at first working as directed about the shop, and then he was put at work on a machine. Finally, three or four weeks before the date of his injury, which occurred April 26, 1907, he put plaintiff at work upon the machine at which he was injured. The machine in question was a new stamping machine upon which were dies, which by the action of the machine stamped and bent wires into certain shapes. The negligence charged in the declaration material to be considered is that the machine upon which the plaintiff was at work became defective and dangerous, in that a certain spring therein became out of condition and defective; that plaintiff notified defendant of this defective condition, and that he promised to repair the defect and put the machine in good condition, and ordered plaintiff to remain at work until the spring and machine were repaired; that plaintiff, relying upon this promise to repair the defective machine, continued such work, and, before defendant had repaired the defective machine and spring, the spring suddenly released the stamping press which came down, and severed the thumb from his left hand; that plaintiff was a boy 16 years and 2 months old, and he used all due care and diligence of which he was capable, considering his youth and inexperience.

Plaintiff was the only witness produced and sworn on his own behalf. There is no dispute as to his age, the experience he had had in operating the machine during his employment by defendant, or that he was injured while operating the machine in question. His testimony is that a spring within a wheel which was connected with the operation of the part of the machine which held the die,

which operated up and down, became loose three days before the day of the accident, which caused the press punch to repeat; that on that morning he told defendant, personally, of this fact. He testified:

"When he came around in the morning, I told him that the spring coil in the machine was loose, and it was dangerous and defective to work upon, and I told him I was going to quit, and he told me to continue working and he would fix it as soon as possible.

"Q. Why did you continue to work?

"A. Because he ordered me to and promised to repair it."

On the third day, soon after work began in the morning, the machine again repeated, and caught his hand while he was removing the wires which he was stamping. He testified that he was removing the wires in the manner in which he had been instructed by the defendant, and as he had always done, and the only way he knew how to do it at that time; that he did not cause the machine to repeat by putting his foot upon the treadle and releasing the press punch. It appears without dispute that this machine was operated by electric power; that the wires used in this work were placed upon a form; and that, to cause the stamp press to come down and shape these wires, it was necessary to press the foot of the operator upon a treadle located at the floor on the right side of the machine. On cross-examination witness could not explain the mechanism of this machine, or the exact connection of the spring in the wheel with the operation of it; but throughout his testimony he claimed that the cause of the machine repeating was the loose spring in this wheel. The above is substantially the evidence on the part of the plaintiff presented by the record relative to the injury and its cause.

As the case is presented here, the evidence on the part of the defendant requires no consideration. The court is not considering the weight of the evidence in the case. The question for us to determine is whether we can say,

as a matter of law, giving his testimony the strongest probative force it is entitled to, that it was not sufficient to submit to the jury the negligence of defendant. *Rumsey* v. *Fox*, 158 Mich. 248 (122 N. W. 526); *Goda* v. *Maurer*, 162 Mich. 621 (127 N. W. 799).

We are unable to come to that conclusion.    There is evidence on the part of plaintiff tending to show the cause of this injury to have been the loose spring in the wheel where the mechanism is situated which releases the press. The weight or effect a jury might give to it is not for us to determine.    Defendant contends:

(1) "Negligence upon the part of defendant was not affirmatively shown.    *    *    *"

(2) "The alleged promise of defendant to repair the machine, in the absence of proof of defect, imposed no liability upon him."

The whole argument depends upon whether the record supports the first proposition.    If it does, the second follows conclusively.    It affirmatively appears by plaintiff's testimony (taking it as true) that the machine repeated three days before the accident, notice to defendant of that fact, a promise by defendant to repair as soon as possible, and an order to plaintiff to continue at work.

Taking this view of it, the conclusion follows that the court was in error in directing a verdict for defendant.

The judgment is reversed, and a new trial ordered.

STEERE, BROOKE, BLAIR, and STONE, JJ., concurred.