LE FLEUR *v.* MICHIGAN ALKALI CO.

1. MASTER AND SERVANT—NEGLIGENCE—PLEADING—DECLARATION—VARIANCE.

   It is not necessary for a plaintiff to prove all the acts of negligence alleged in his declaration: if any unlawful neglect of the defendant is established as charged plaintiff is entitled to recover although the declaration alleges other acts that are not proved.

2. APPEAL AND ERROR—EXCEPTION—EVIDENCE.

   To review a ruling of the trial court excluding an answer, an exception is essential.

3. MASTER AND SERVANT—PLEADING—PROMISE TO REPAIR.

   Where defendant raised no question as to the sufficiency of the declaration during the trial, and at no time objected

to testimony as inadmissible thereunder, it was not error to receive evidence that plaintiff, an employee of defendant, complained to his foreman of certain defects in a saw that he was operating, which the foreman promised to remedy promptly: the evidence being offered to show plaintiff was free from contributory negligence was competent, although the averments of the declaration were not as full as they should have been.[1]

4. Same.

And plaintiff was not required to show that he had continued in the employment under the supposition that the repairs had been made: he was entitled to recover for any injury caused by reason of the defective condition about which he made complaint, if he was hurt within a reasonable time afterwards.

5. Same—Weight of Evidence.

The trial court did not err in refusing to charge the jury that the great weight of the evidence was that defendant's saw was sharp and properly set, as claimed by two witnesses for defendant, who were disputed by plaintiff and another: and the conflicting evidence relative to the alleged promise was also a proper question for the jury.

Error to Wayne; Codd, J.  Submitted April 10, 1913.  (Docket No. 36.)  Decided May 28, 1913.

Case by Frank Le Fleur against the Michigan Alkali Company for personal injuries.  Judgment for plaintiff.  Defendant brings error.  Affirmed.

*Gray & Gray,* for appellant.

*Charles Bowles (M. F. McDonald,* of counsel), for appellee.

---

[1] As to continuing work on master's promise to remove a specific cause of danger, see note in 40 L. R. A. 782.  And upon the effect of a promise to repair at some definite future time or after a certain event to suspend the doctrine of assumed risk during the interval, see note in 22 L. R. A. (N. S.) 472.  And for the effect of a master's failure to repair defects within a definite time promised, where the servant continues to work, see note in 4 L. R. A. (N. S.) 913.

The question of the effect of a promise to repair where danger is great and imminent is treated in a note in 29 L. R. A. (N. S.) 597.

STONE, J.   Action on the case to recover damages for a personal injury to plaintiff's left hand on June 9, 1909, consisting of the loss of the first finger between the first and second joints, the cutting and stiffening of the second finger, the severing of the third finger close to the hand, and of the fourth finger between the two joints, thereby practically destroying the use of the entire hand.   At the time of the injury complained of, the defendant operated a cooperage shop at Ford City, and while working in this shop, and while using a heading sizer saw, the plaintiff received the injury.   The plaintiff had been in the employ of the defendant for over a year.   He first operated what was called a crozier; that is a machine for putting grooves into the barrels to take the heading.   After continuing at that work for about two months, he was placed at work on a heading machine, where he continued to work until he received the injury complained of.   In operating the heading machine, the duties of the plaintiff were to place the headings in the barrels after they came to him with the staves fastened together.   A boy was stationed near his side, whose duty it was to fasten the heading together temporarily, by means of a short board from which there extended a number of small, short spears.   The plaintiff would then take the heading as it was fastened together in this manner, and attempt to place the same in a barrel.   At a distance of about 10 feet from the heading machine, where plaintiff worked, there was located a small circular shaped saw, called a heading sizing machine, or saw.   This saw was about 10 inches in diameter, and projected about 2½ inches above the table of the frame on which it rested.   The frame stood about 3 feet high, was 3 feet in length, and 2 feet in width.   The saw made about 3,000 revolutions a minute when in use.   It was used in matching up; that is, correcting the size of the mismatched or imperfect headings.   Whenever the plaintiff received any

heading which did not fit, it was his duty to take one of the pieces over to this heading sizer and cut a small strip from the straight edge of the heading, so that it would be reduced to the proper size. In cutting off this strip he would lay the heading flat on the table in front of the saw, place both of his hands upon it, and in that way push it through the saw. This was a part of the plaintiff's duty as a header, at the time of his injury, and during the entire time that he was engaged at that work.

The declaration consists of two counts. It is the claim of plaintiff's counsel that the second count was abandoned upon the trial. The record, however, does not distinctly support that claim, but the trial seems to have proceeded under the first count.

The first count charges several acts on the part of the defendant that are alleged to have been negligence on its part. Among other allegations are the following:

"That it also became and was the duty of said defendant to keep the said saw on the said heading sizer well filed, and properly set, and in good repair otherwise, and free from any defect of whatsoever nature, in order that any person operating the same, and more especially the plaintiff herein, should not be injured in any way, because of said defect while operating the said machine, and while performing his duty around about the said machine."

Again:

"Also it became the duty of the said defendant, when requested by this plaintiff to repair the said heading machine in any respect, to comply with such request within a reasonable length of time, and not to leave the same in a defective condition after receiving knowledge of such defect.   *   *   *

"Yet the said defendant did not, on said date, keep the saw on said heading sizer well filed and sharp and in good repair and free from any defect of whatsoever nature, in order that persons operating the same, and more especially the plaintiff herein, should not be

injured in any way because of said defect, while operating the said machine, and while performing his duty around and about the same.    *    *    *

"And the said defendant did not repair the said heading machine within a reasonable time after being requested by this plaintiff so to do, but did leave the same in a defective condition, after receiving knowledge of such defect.    *    *    *

"By reason whereof, and on the date aforesaid, while this plaintiff was in the employ of said defendant, and while performing his duty in the defendant's said cooper shop, and more particularly while operating said heading sizer, and while in the exercise of due care and caution to avoid injury, and while free from any contributory negligence of whatsoever nature, the aforesaid saw on said heading sizer, because of the negligent, wilful, wanton, and careless conduct of said defendant in the nonperformance of its aforesaid duties, did then and there suddenly and unexpectedly throw upwards and away from said machine the heading which this plaintiff was then cutting on said saw, as a result of which this plaintiff's left hand was thrown against the said saw, whereby plaintiff received a great and permanent injury to his said hand," describing the injury.

It was the plaintiff's claim, and on the trial he gave evidence in support thereof: That for a period of about two weeks before the injury the saw on the heading sizing machine had been dull and out of set. That this made it hard to push the work through it. That it caused the saw to tear its way through, and when the first part of the heading reached the further side of the saw, the latter would catch the heading and throw it upwards from under the operator's hands. That about a week before the injury the plaintiff complained to the defendant's foreman about the condition, and the latter said: "All right, Frank; go back to work. I will fix it." That the plaintiff returned to work, but the saw was not repaired, and continued to get worse. That two days before the accident the plaintiff went to the millwright and asked

him to repair the saw, but he refused, saying the plaintiff would have to speak to the foreman.   That thereupon plaintiff and the millwright went together to the foreman, and the plaintiff at that time positively stated to him that he would not use the saw any more unless it was fixed.   That the foreman then said:  "All right, Frank; you go back to work, and I will fix it as quick as possible."   That relying upon this assurance of repair, the plaintiff returned to his work, and while using the saw on the second day after the promise of repair was given, and before the saw was fixed, the injury happened, because of the defective condition complained of.   The testimony of the plaintiff, upon the subject of notice to the foreman of the defect in the saw, and the promise to repair, was fully corroborated by that of the millwright, who testified in the case.   The record shows that there was a sharp conflict between the evidence produced by the plaintiff and that produced by the defendant, relative to the condition of the saw at the time of the injury, and the conversation which the plaintiff claimed to have had with defendant's foreman two days before the injury, when it was claimed the promise to repair was given.   All of the testimony on the subject was received without objection.

The trial resulted in a verdict and judgment for the plaintiff for $2,500.   The defendant has brought the case here upon writ of error.

Counsel for defendant say in their brief:

"At the trial all claims of negligence were abandoned, excepting with respect to whether the saw was sharp and properly set; and with respect to that the claim was not that the defendant failed to keep it sharp and properly set, but rather that it failed to put it in condition after having promised plaintiff to do so."

1. The first assignment of error argued by defendant's counsel is the ninth; that the court erred in in-

structing the jury in the language contained in the last part of the sixth subdivision of the court's charge, and in modifying the defendant's request to charge as therein contained. The part of the charge here complained of is as follows:

"I am asked by the plaintiff to charge you that in this case several acts of negligence are charged in the plaintiff's declaration, but it is not necessary for the plaintiff to prove all of the acts of negligence charged, for if any unlawful act of defendant is charged which resulted in the injury to the plaintiff, complained of, he is entitled to recover, although the declaration may have charged other acts of defendant as negligence, which have not been proved. There is no question about that, gentlemen of the jury. If it was the negligence to sharpen and set the saw after a proper notice had been given, and a reasonable time had elapsed— if that is the cause of the injury, and you are satisfied by a preponderance of the proof that that is the cause of the injury—then you, unquestionably, gentlemen of the jury, should find a verdict for the plaintiff in this case, provided you find that his own conduct did not contribute to the injury."

Counsel for defendant urge that such practice should be condemnéd, and that the purpose of a declaration is to apprise the defendant of the case he must meet; that to permit the declaration to charge facts known to the plaintiff to be false, to allege facts without any expectation of sustaining the same, can be done only for the purpose of misleading and deceiving a defendant in the preparation of his defense, and is improper and should be condemned. We have repeatedly held that it is not necessary for a plaintiff to prove all of the acts of negligence charged; that, if any unlawful neglect of defendant is charged which resulted in the injury to the plaintiff complained of, he is entitled to recover, although the declaration may have charged other acts of defendant as negligent which were not proven. See *Lepard* v. *Railroad Co.*, 166 Mich. 373, at page 380 (130 N. W. 668, 40 L. R.

A. [N. S.] 1105), where the cases are cited.  We are not able to find that counsel at any time during the trial raised any objection to the sufficiency of the declaration, or claimed that any of the testimony offered by the plaintiff was inadmissible under the declaration.

2. The next assignment of error discussed by counsel is the first; that the court erred in excluding the following question in the examination of the witness Frank Le Fleur:

"Then Mr. Bowles deliberately said something in his declaration that was not true when he set up the fact that you had been told to go over to the saw without any instruction how to use it, is that it?"

The record shows that when this question was objected to by plaintiff's counsel, the court sustained the objection, and no exception was taken by defendant's counsel to the ruling.  We must therefore hold that the matter is not before us.

3. Defendant's counsel in their brief say:

"At the trial plaintiff relied entirely upon the defect claimed to have been in the saw, in that it was dull and out of set, and his hand was drawn against the saw by reason of the board being thrown up from the table.  *  *  *

"Plaintiff knew the condition of the saw, but seeks to remove his case from the rule of assumption of risk by a claim that the foreman had been advised of the condition of the saw, and had given certain promises respecting its repair.  There is nothing in the declaration to apprise defendant of this claim or theory of plaintiff.  *  *  *

"The question, therefore, is whether or not plaintiff has placed himself within the exception to the rule respecting assumption of risk on the part of a workman. We submit that he has not."

An examination of the record statisfies us that the case was tried upon the theory that the plaintiff was free from contributory negligence, because at the time

he was operating the saw in question in its defective condition, which was known to him, under a promise from his employer to repair, which promise he relied on. While the declaration was not as full as it might well have been, no question was raised as to its sufficiency at the trial.

Counsel for defendant cite *Hayball* v. *Railway Co.,* 114 Mich. 135 (72 N. W. 145). In that case there was no positive promise to repair the machine, but the plaintiff was told "that it would be fixed as soon as it could be reached in the course of repairs." We think that the case is distinguished from the instant case. We have already set out the language of the foreman as testified to by the plaintiff. The mill-wright testified that the foreman said "he would look after it right away; he told him to go back to work; that he would fix it right away."

We do not understand that in order for a plaintiff to recover in such a case he must continue to work under the supposition on his part that the repairs have been made.

The rule is stated in Beach on Contributory Negligence (2d Ed.), § 372, as follows:

"If, when the master is notified of the defect in the machinery or of the incompetence of the servant, he promises to remedy it within a reasonable time, the servant will not, as a matter of law, be presumed to have consented to it, or to have waived his rights by remaining for such reasonable time in the service; but mere complaint to the master, unless a promise to repair is made, will not justify the servant in continuing to expose himself to the danger."

This doctrine is supported by many cases in this State. *Lyttle* v. *Railway Co.,* 84 Mich. 289 (47 N. W. 571); *Roux* v. *Lumber Co.,* 85 Mich. 519 (48 N. W. 1092, 13 L. R. A. 728, 24 Am. St. Rep. 102); *Krohn* v. *Joseph N. Smith & Co.,* 151 Mich. 247 (114 N. W. 1017); *Brouseau* v. *Supply Co.,* 158 Mich. 312 (122

N. W. 620, 27 L. R. A. [N. S.] 1052) ; *Prisel* v. *Coney,* 168 Mich. 602 (134 N. W. 989). See note to *Illinois Steel Co.* v. *Mann,* 40 L. R. A. 781 (170 Ill. 200).

Defendant's counsel also cite *Hough* v. *Railway Co.,* 100 U. S. 213. We call attention to the following language of the court in that case:

"If the engineer, after discovering or recognizing the defective condition of the cowcatcher or pilot, had continued to use the engine, without giving notice thereof to the proper officers of the company, he would undoubtedly have been guilty of such contributory negligence as to bar a recovery, so far as such defect was found to have been the efficient cause of the death. He would be held, in that case, to have himself risked the dangers which might result from the use of the engine in such defective condition. But 'there can be no doubt that, where a master has expressly promised to repair a defect, the servant can recover for an injury caused thereby, within such a period of time after the promise as it would be reasonable to allow for its performance and, as we think, for an injury suffered within any period which would not preclude all reasonable expectation that the promise might be kept' " (citing cases).

4. Defendant claims that the court erred in refusing to give defendant's tenth request to charge, which was to the effect that the great weight of the evidence was that the saw was in proper condition, sharp, and properly set, and that the verdict must therefore be for the defendant. The plaintiff and defendant's millwright both testified that the saw was dull and out of set at the time it was claimed the complaint was made by the plaintiff, and the promise to repair was made by defendant's foreman. On the other hand, the foreman and another witness for defendant testified that the saw was not out of repair at the time of the accident, and the foreman denied ever having had any conversation with the plaintiff relating to the saw. This conflict of testimony raised a question of fact for the jury, and we do not think that the court erred in

refusing to give said request. There was no motion for a new trial.

We find no reversible error in the record, and the judgment below is affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.